# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**HOWARD ARNOLD, for himself
and all others similarly situated,
JIMMY JARAMILLO, for himself
and all others similarly situated,
GARY WISE, for himself and
all others similarly situated,**

> **Plaintiffs,**

**v.**                                                    **NO. 09-CV-0330 JB/WDS**

**FARMERS INSURANCE COMPANY
OF ARIZONA, an Arizona corporation;
FARMERS GROUP, INC., a Nevada
corporation,**

> **Defendants.**

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
### MOTION FOR SUMMARY JUDGMENT REGARDING COVERAGE

COME NOW the Plaintiffs, by and through their attorneys of record, Geoffrey R. Romero and Matthew L. Garcia, and hereby submit the Memorandum in Support of their Motion for Summary Judgment Regarding Coverage.

## I.      INTRODUCTION

This matter arises from Defendant Farmers Insurance Company of Arizona' ("Farmers") wrongful denial of uninsured motorist property damage ("UMPD") benefits to Plaintiffs. As explained in the Complaint, each of the Plaintiffs in this case suffered property damage as contemplated by NMSA 1978, 66-5-301 (1983) ("the Uninsured Motorist Act") as a result of theft.  Plaintiff Gary Wise had his all-terrain vehicle, commonly referred to as a "four-wheeler," stolen from his backyard on December 16, 2004; Plaintiff Jimmy Jaramillo had a trailer stolen, along with the tractor

situated thereon on February 6, 2005; and Plaintiff Howard Arnold had his "four-wheeler" stolen from the bed of his pickup truck on December 5, 2005. Each of these thefts, resulting in loss of property and loss of use thereof, was accomplished and effectuated through the thieves' use of a motor vehicle or motor vehicles.

After the commission of these crimes, the Plaintiffs each individually submitted a claim to the Defendants for loss, including property damage and loss of property, under the uninsured motorist policies purchased from the Defendant. Farmers denied each of the Plaintiffs' claims. Plaintiffs have filed the instant matter to obtain the UMPD benefits.

## II.  QUESTIONS PRESENTED

At issue in this motion are the following questions:

> 1.    Does the Uninsured Motorist Act, NMSA, 1978 § 66-5-301(A) and case law interpreting the same, require an insurance carrier, which provides uninsured motorist coverage in the State of New Mexico, to afford coverage for loss of or damage to property, including loss of use, that is caused by an unknown motorist utilizing a motor vehicle to commit a theft?

> 2.    If the Uninsured Motorist Act requires coverage in the instant matter, did Farmers improperly deny Plaintiffs' claims for uninsured motorist property damage benefits?

As demonstrated below, New Mexico law clearly provides that uninsured motorist for property damage coverage provides coverage for loss of or damage to property caused by an uninsured motorist through use of an uninsured motor vehicle, including loss of use, regardless of whether or not the loss of or the

damage to such property occurs as a result of theft. The Uninsured Motorist Act, and New Mexico Appellate cases interpreting the same, limit permitted restrictions to only those set forth in the Uninsured Motorist Act. Neither theft, nor an intentional act by an uninsured tortfeasor, are restrictions to uninsured motorist coverage found in the Uninsured Motorist Act.

The law set forth below demonstrates that the Uninsured Motorist Act provides uninsured motorist property damage coverage as sought by the Plaintiffs. As further demonstrated below, Defendant Farmers has failed to raise any legitimate exclusion in its denial of UMPD coverage to Plaintiffs.

### III.     STATEMENT OF UNDISPUTED FACTS

**A.     Circumstances of loss of property by the Wise Plaintiffs.**

1.     On December 16, 2004, Plaintiffs Gary and Shirley Wise were the owners of an all terrain vehicle (ATV).  (See Ex. A2)

2.     On said date the Wise(s) had the ATV parked on the rear porch of their home.  (See Ex. A3)

3.     Mr. Wise returned home from work at approximately 7:00 a.m., and discovered his ATV was missing.  (See Ex. A3)

4.     Mr. Wise found tracks of the ATV, indicating it had been pushed from the back porch to the curbside street.  (See Ex. A4)

5.     Mr. Wise found the ATV tracks led to a second set of tire tracks, which appeared to be tire tracks of a trailer.  (See Ex.s A5, A6)

6.     The existence of tire tracks of the ATV leading up to, but not continuing past the tire tracks of a small trailer lead to a reasonable inference that an unknown tortfeasor utilized a motor vehicle hauling a trailer to remove the ATV from the Wises home.  (See Ex.s A6, A7)

7.    The unidentified operator of the motor vehicle utilized the same to negligently or intentionally cause a loss of property to the Wise Plaintiffs.

8.    On December 16, 2004, the Wise Plaintiffs were insured by a Farmers motor vehicle insurance policy which provided uninsured motorist property damage coverage.  (See Defendant's Answer to Amended Complaint a pp. 21, 23).

9.    The Wise Plaintiffs presented a claim for the damages sustained by the loss of their ATV under the uninsured motorist property damage provisions of their policy to Farmers. (See Defendant's Answer to Amended Complaint a p. 21).

10.    Farmers denied coverage under the uninsured motorist property damage provisions of the Wise Plaintiffs' policy.  (See Ex.s B1-B4 )

**B.    Description of circumstances regarding property loss of Jimmy Jaramillo.**

11.    On February 6, 2005, Plaintiff Jimmy Jaramillo was the legal owner of a bobcat used by his father, Sonny Jaramillo in a tree planting and landscape business. (See Exh.s C2-C4)

12.    On or about February 6, 2005 the heavy equipment trailer, along with a Bobcat tractor situated thereon was taken without permission or consent of Mr. Jaramillo.  (See Ex.s D2,D4)

13.    The trailer and Bobcat are of a size, weight, and sort that the loss of this property to Mr. Jaramillo could not have been effectuated without the use of a motor vehicle. (See Ex.s D4, D5)

14.    The identity of the operator of the motor vehicle who intentionally or negligently caused the loss of property to Mr. Jaramillo remains unknown.  (See Ex. D5).

15.    Mr. Jaramillo's property was later recovered, having sustained significant damage, rendering the Bobcat useless.

16.    On February 6, 2005, Jimmy Jaramillo had a motor vehicle insurance policy issued by Farmers Insurance Company of Arizona.  That policy included uninsured motorist property damage coverage.  (See Defendant's Answer to Amended Complaint a pp. 16, 23).

17.    Mr. Jaramillo presented a claim to Farmers for the loss of and damage to his property caused by an uninsured motorist utilizing an uninsured motor vehicle.  (See Defendant's Answer to Amended Complaint a pp. 16).

18.    Farmers denied uninsured motorist coverage for the loss of and destruction to Mr. Jaramillo's property.  (Ex.s E1-E4)

        **C.    Circumstances surrounding the loss of property to Plaintiff Arnold.**

19.    On December 5, 2005, Plaintiff Arnold was the owner of an ATV,4-wheeler vehicle.  (Ex. F2)

20.    On said date, Mr. Arnold had the ATV in the back of his pickup truck, transporting the same while returning from a hunting trip.  (Ex.  F3)

21.    On his way home Mr. Arnold stopped at a local restaurant/tavern.  Mr. Arnold parked his truck with the ATV in the bed thereof, in the parking lot of the establishment.  (Ex. F3)

22.    While in the restaurant/tavern other patrons witnessed, via a security camera, one or more persons back another pickup truck to the rear of Mr. Arnold's pickup truck.  (Ex.s F3, G2-G7, H1-H3)

23. The persons operating the second pickup truck then opened the tailgates of both trucks, and rolled the ATV from the bed of Mr. Arnold's pickup to the second pickup truck. (Ex.s G2-G7, H1-H3)

24. The unknown motorist then utilized the pickup truck to remove the ATV from the premises. (Ex.s G2-G7, H1-H3)

25. The identity of the operator of the motor vehicle who negligently or intentionally caused the loss of property to Mr. Arnold remains unknown, and the property has not been recovered.

26. Upon information and belief the loss of property to all Plaintiffs was caused intentionally by the unknown motorists. (Ex.s B1-B4, E1-E4, I1-I4)

27. One of the basis for denial of coverage by Farmers to all Plaintiffs is that the tortfeasors' conduct was intentional. (Ex.s B1-B4, E1-E4, I1-I4)

## IV. THE APPLICABLE LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for entry of summary judgment where "there is no genuine issue as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Thomas v. IBM, 48 F.3d 478, 484 (10th Cir. 1995) (citation omitted). A moving party's burden may be met by pointing to "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." Once the moving party meets its burden, "the burden shifts to the nonmovant to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." Adler v. Wal-Mart Stores,

Inc., 144 F.3d 664, 671 (10th Cir. 1998)(citing Celotex Corp. v. Catrett, 477 U.S. at 325). The opposing party must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)(citation omitted). Summary judgment is appropriate against any "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

## V. ARGUMENT

**A.    The Insurance Code, the Uninsured Motorist Act, and New Mexico Appellate decisions interpreting the same mandate that uninsured motorist property damage coverage is available to the Plaintiffs for property damage losses they sustained by an uninsured or unknown motorist.**

New Mexico law holds that the only restrictions to uninsured motorist coverage are those permitted by the Uninsured Motorist Act, NMSA § 66-5-301.  The Insurance Code, the Plaintiffs' policies, and New Mexico Appellate decisions mandate interpretation of the Uninsured Motorist Act in order to effectuate its purpose of compensating innocent insureds injured through no fault of their own.   The Uninsured Motorist Act and applicable case law mandate that uninsured motorists property damage coverage to include loss of property as suffered by the Plaintiffs.  Based upon the following an order granting summary judgment regarding coverage in favor of Plaintiffs is proper.

**1.    Plaintiffs are entitled to uninsured motorist benefits pursuant to the Uninsured Motorist Act, NMSA § 66-5-301.**

The Plaintiffs in this matter have presented claims for property loss under the uninsured motorist property damage coverage provisions of their respective Farmers' policies.   The New Mexico Supreme Court has ruled that the only limitations on uninsured motorist coverage protection are those specifically set out in the statute itself:

1)    The damages must have "arisen out of the ownership, maintenance, or use of the uninsured motor vehicle"; and

2)    That the insured is legally entitled to recover monetary damages for the damage caused by the owner or operator of the uninsured motor vehicle. <u>Britt v. Phoenix Indemnity Insurance Company</u>, 907 P.2d 994 (1995); <u>State Farm Mut. Auto. Ins. Co. v. Blystra</u>, 86 F.3d 1007 (1996).

Farmers is aware that the only two limitations to UM coverage are those indicated above, as reflected by correspondence from coverage counsel to Farmers. (See Ex.s J4 and K4).

In this matter Plaintiffs, based on the undisputed material facts, easily establish entitlement to uninsured motorist coverage for property damage. As the undisputed facts set forth by Plaintiffs demonstrate, in each case, that the Plaintiffs sustained full loss of their property, including loss of use thereof, or physical damage to, as a result of the intentional or negligent misconduct of the unidentified tortfeasors utilizing motor vehicles.

With respect to Plaintiffs Gary and Shirley Wise, their ATV was removed from their home without their permission or consent.  The evidence available at the scene demonstrates that the ATV was pushed from the rear porch to the street, where it was loaded onto a trailer and removed from the premises.  (See Ex.s A3-A6).  No evidence exists which would permit an inference that the 4-wheeler was pushed or ridden away from the household.  (See Ex.s A3-A6, J4)  The ATV tracks stopped at a point at which smaller tracks indicating a trailer began.  (See Ex.s A3-A6).  Had the ATV been pushed or ridden away, the ATV tracks would have continued in the dusty path until terminating upon a clear paved area.  The only reasonable inference to be drawn is that the ATV was taken by an unknown motorist, by use of a motor vehicle.  And the

Defendants have garnered no evidence that would rebut this assertion.   Defendant acknowledges that for purposes of a coverage determination it has accepted these facts as true. (See Ex.s J4, K2-K5)

Mr. Jaramillo's property was a Bobcat Tractor situated on a large heavy equipment trailer.  The trailer is of a type and weight that cannot be moved by hand, but must be moved by use of a vehicle.  (See Ex. D4) The only reasonable inference which may drawn by the circumstances of the theft, the removal of the Bobcat and trailer, is that an unknown/unidentified driver utilized a motor vehicle to remove the trailer from its location.

With respect to Mr. Arnold's loss of his ATV, eye-witnesses report that a pickup truck, operated by an unidentified/unknown motorist was backed up to the bed of Mr. Arnold's pickup truck.  (See Ex.s G2-G7, H1-H3).  The tailgates of the two trucks were opened, and Mr. Arnold's ATV was rolled from the bed of his truck to bed of the unknown/unidentified tortfeasor's vehicle.   (See Ex.s G2-G7, H1-H3).  The unidentified/unknown tortfeasor(s) then fled the scene, taking with him Mr. Arnold's ATV, effectuating the complete loss of property, including loss of use of the ATV, by use of a motor vehicle.  (See Ex.s G2-G7, H1-H3 )

As the preceding discussion indicates, Plaintiffs easily satisfy the first element necessary to prove the triggering of uninsured motorist coverage; that the damages arose out of the ownership, maintenance, or use of an uninsured motor vehicle.

The Plaintiffs also satisfy the second element necessary for triggering uninsured motorist coverage - they are entitled to recover monetary damages for the damage caused by the owner or operator of the uninsured motor vehicle. See Britt, 907 P.2d at 997 (the uninsured motorist statute requires that "the insurer must indemnify the insured for damages that 'arise out of the use of an uninsured motor vehicle' and for

which the insured is 'legally entitled to recover' from the owner or operator of the uninsured vehicle."). Based upon the undisputed material facts, the unidentified operators of the motor vehicles either intentionally or negligently caused the complete loss of property to the Plaintiffs, including loss of use thereof, and or physical damage to the property. In each instance, the unidentified motorist intended to commit a theft of the Plaintiffs' property and utilized a vehicle to do so. New Mexico law requires uninsured motorist coverage in such cases. See e.g. Blystra, 86 F.3d at 1011 (noting that the district court erred in holding an intentional criminal act cannot be an accident for purposes of determining uninsured motorist coverage because "an injury is caused by an accident in New Mexico for purposes of uninsured motorist coverage if the event causing the injury is unintended and unexpected from the injured party's viewpoint.") (internal quotations omitted).

Nevertheless, Farmers based its wrongful denials of coverage, in part, on the fact that the tortfeasors' conduct was intentional. (See Ex.s B1-B4, E1-E4, I1-I4). It is not logical to suggest that the operator of the vehicle which removed the heavy equipment trailer, with a Bobcat atop of the same, and helped dispose of the property would be unaware that his or her efforts constituted intentional misconduct. It is equally illogical to infer that the operator of the vehicle and trailer who assisted in the removal of the ATV from the Wises' property, at a time when no one was home, and without permission to remove the property, would not know that he or she was engaged in the theft of that vehicle. Finally, with respect to the theft of Mr. Arnold's ATV, it is evident that the operator of the pickup truck quickly backed his vehicle up to Mr. Arnold's vehicle in order to effectuate theft of the ATV. He then utilized his pickup truck to abscond with the ATV, resulting in the complete loss of the same to Mr. Arnold. All reasonable inferences indicate that in each case the unidentified operators of the motor

vehicles intended to cause a loss of property to the Plaintiffs.  At a minimum, none of the operators of the motor vehicles sought nor received permission from the owners of the property to remove the same.

In the unlikely event that the unknown operators of the motor vehicles did not intentionally commit the thefts, without doubt each of the operators of the motor vehicles were negligent in their removal and destruction or loss of property caused to the Plaintiffs.  Regardless of whether the actions of the unidentified motorists were intentional or merely negligent, each of the Plaintiffs is entitled to recovery of monetary damages based upon the conduct of each motorist in effectuating the complete loss of or damage to the property described.  Thus, the second element required by New Mexico Courts, interpreting the Uninsured Motorist Act, to trigger uninsured motorist coverage is met.

> **2.    Coverage for property damage includes complete loss of the property and loss of use, in addition to physical damage.**

The Uninsured Motorist Act provides that:

> No motor vehicle or automobile liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person and **for injury to or destruction of property of others** arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in New Mexico with respect to any motor vehicle registered or principally garaged in New Mexico unless coverage is provided therein or supplemental thereto in minimum limits for bodily injury or death and for **injury to or destruction of property** as set forth in § 66-5-215 NMSA 1978.  . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, and for **injury to or destruction of property** resulting therefrom, according to the rules and regulations promulgated by, and under provisions filed with and approved by, the superintendent of insurance.  [**bold** added]
>
> C.    The uninsured motorist coverage shall provide an exclusion of not more than the first Two Hundred Fifty Dollars

> ($250.00) of **loss resulting from injury to or destruction of property of the insured in any one accident**.

NMSA 1978, § 66-5-301 (1983) (emphasis added).

The New Mexico Appellate Courts have interpreted the Uninsured Motorist Act in such a fashion that it mandates it be liberally interpreted consistent with its purpose. The purpose of our Uninsured Motorist Statute is to place insured persons in the same position as if the uninsured motorist had insurance. <u>Schmick v. State Farm Mut. Auto. Ins. Co.</u>, 103 N.M. 216, 219, 704 P.2d 1092, 1095 (1985). Uninsured motorist coverage is intended to act in place of the tortfeasor's liability policy, placing victims in the same position they would have been in if the tortfeasor had coverage. <u>State Farm Mut. Auto. Ins. Co. v. Luebbers</u>, 138 N.M. 289, 119 P.3d 169, 2005-NMCA-112. The Uninsured Motorist Statute is designed to protect individuals against the hazard of culpable, but uninsured, motorists and to place the insured in the same position as he or she would have been had the tortfeasor had liability insurance. <u>McMillan v. Allstate Indem. Co.</u>, 135 N.M. 1784 P.3d 65 (2003). Finally, the Uninsured Motorist Statute is interpreted liberally to implement its remedial purpose, and any provision allowing for an exception to uninsured motorist coverage is strictly construed to protect the insured. <u>Phoenix Indem. Ins. Co. v. Pulis</u>, 129 N.M. 395, 9 P.3d 639 (2000).

In this matter each of the Plaintiffs would have the right to seek recovery of damages against the policies insuring the vehicles operated by the unidentified/uninsured motorists if the identity of the drivers, vehicles, and respective insurers was known. The New Mexico statutory scheme pertaining to uninsured motorist coverage indicates that such damages include loss of use.

For example, the Mandatory Financial Responsibility Act ("MFRA"), §§ 66-5-201 through 66-5-239 NMSA 1978 provides the minimum required liability limits required

to respond in damages arising out of the use of a motor vehicle and to assure that a judgment can be satisfied.  NMSA 1978, § 66-5-215 (1983).  In defining a judgment, the New Mexico legislature expressly included loss of use as a type of damage to be covered by automobile insurance:

> Judgment, as used in the Mandatory Financial Responsibility Act, means any judgment which becomes final by expiration without appeal of the time within which an appeal might have been perfected or by final affirmation on appeal rendered by a court of competent jurisdiction of any state or of the United States, upon a cause of action arising out of the ownership, maintenance or use of any motor vehicle of a type subject to registration under the laws of New Mexico, for damages, including damages for care and loss of services, because of bodily injury to or death of any person or **for damages because of injury to or destruction of property, including the loss of use thereof**, or upon a cause of action on an agreement of settlement for such damages.

NMSA 1978, § 66-5-209 (1983) (emphasis added).

The Mandatory Financial Responsibility Act further evidences intent of a tortfeasor to provide financial responsibility for loss of use damages in setting forth the requirements for the application of the permitted cash deposit as an alternative to an insurance policy.

> The cash deposit provided for in Section 66-5-226 NMSA 1978 shall be held by the state treasurer to satisfy, in accordance with the provisions of the Mandatory Financial Responsibility Act, any execution on a judgment issued against the person making the deposit, for damages, including damages for care and loss of services because of bodily injury to or death of any person or **for damages because of injury to or destruction of property, including the loss of use thereof**, resulting from the ownership, maintenance, use or operation of a motor vehicle of a type subject to registration under the laws of New Mexico after the deposit was made. . . .

NMSA 1978, § 66-5-227 (1983) (emphasis added).

In addition, loss of use damages are mandated by the New Mexico Insurance Code.  The New Mexico Insurance Code defines "property" insurance as follows:

> A.      "property" insurance is insurance of real or personal property of every kind and **of every interest therein** against **loss** or damage from any

13

and all hazards or causes, and against **loss consequential** upon such **loss** or damage.

B.      "property" insurance includes also insurance against the liability of the insured for **loss** or damage to the property or **property interest** of another from any cause for which the insured's property involved in such loss or damage is insured by the same insurer.

C.      "property" insurance does not include title insurance, as defined in Section 115 of this article.

NMSA 1978, § 59A-7-4 (1984) (emphasis added).

The New Mexico Insurance Code also provides guidance regarding vehicle insurance.

"vehicle" insurance is insurance covering; A. Physical Damage.  Insurance against **loss of** or damage to any land vehicle or aircraft or any draft or riding animal resulting from or incident to ownership, maintenance or use of any such vehicle, aircraft or animal.

NMSA 1978, § 59A-7-7 (1984) (emphasis added).

Defendant Farmers inherently recognizes that the New Mexico MFRA mandates that loss of use be covered under property damage losses, including such coverage specifically in its definition of property damage as pertains to its liability coverage. Under the definitions provision, pertinent to liability coverage, the Farmers' policies at issue in this matter define property damage as follows:

**Property damage** means physically injury to or destruction of tangible property, including the loss of its use.

Moreover, Farmers' and its coverage counsel indicated that there is coverage available for the types of losses at issue in this case if the damages arise out of the use of an uninsured motor vehicle.  (See Ex.s J4, K3)

In short, it is evident by the MFRA, by the Insurance Code, and by Farmers acknowledgment of the definition of property damage in its own policy, that motorists are required to provide property damage including damages for loss of use of the same

pursuant to New Mexico law. The purpose of the Uninsured Motorist Act is to place the insured in the same position he/she would have been in had the uninsured motorist had liability coverage. Here, had the unknown/uninsured tortfeasors had liability coverage, the Plaintiffs would have been entitled to seek recovery of damages against such policies for physical damage to their property, including the loss of use thereof.

Based upon the foregoing, the Plaintiffs are entitled to uninsured motorist property damage coverage for their losses described herein. There is no genuine issue of material fact from which a reasonable person could draw a conflicting inference that the damages and losses sustained by the Plaintiffs were caused, negligently or intentionally, by an unknown/uninsured motorist through use of a motor vehicle. This Court should find coverages in effect for the losses as claimed by the Plaintiffs.

**B.    Farmers' denials of coverage are not supported by New Mexico law.**

In its handling of Plaintiffs' claims, Farmers has denied coverage on five basic grounds.

1.    That the property lost or damaged was not the motor vehicle described in the insurance policy; (See Ex.s B1-B4, E1-E4, I1-I4)

2.    That the loss of or damage to property did not arise out of the use of a motor vehicle; (See Ex.s B1-B4, E1-E4, I1-I4)

3.    That pursuant to the Farmers' policy, an uninsured motor vehicle is described as a hit and run vehicle which requires contact or near contact between the property lost and the uninsured vehicle in order to trigger coverage; (See Ex.s B1-B4, E1-E4, I1-I4)

4.    That the purpose of the Uninsured Motorist Act is to cover those damages which would be covered by a tortfeasor's liability policy, if the tortfeasor had liability insurance, and that these claims could not be covered because of the intentional nature of the misconduct. Farmers argues that the intentional acts of the tortfeasors would never be covered under a liability policy, and therefore Plaintiffs' request for coverage exceeds the scope of the purpose of uninsured motorist coverage; and

5.    That Plaintiffs' claims for coverage are patently unreasonable. (See Ex.s B1-B4, E1-E4, I1-I4)

Farmers' denials and the reasons for such denials are without foundation in the law and contrary to New Mexico statutory authority and applicable case law.

Farmers first basis for denial of coverage has been soundly rejected by the New Mexico Supreme Court.  Farmers has contended that the loss of property as sustained by the Plaintiffs does not meet the policy definition of "your insured vehicle" sufficient to trigger coverage under the uninsured motorist property damage provisions of the policy. (See Ex.s B1-B4, E1-E4, I1-I4).  In making this argument, Farmers attempts to limit the uninsured motorist property damage to vehicles insured under a particular policy, listed in the declarations page of the same.  This position has been flatly rejected by the New Mexico Supreme Court in <u>Richards v. Mountain States Mutual Casualty Co</u>., 716 P.2d 238 (1986).

In <u>Richards</u> the plaintiffs sought to recover damages under an uninsured motorist property damage policy for the damages sustained to their house, caused by an uninsured motorist.  Mountain States Mutual argued that the policy providing uninsured motorist property damage coverage limited the scope of the coverage to the vehicle insured under the policy.  In holding that the uninsured motorist property damage coverage included coverage for damage to a house caused by an uninsured motorist, the court recognized the following:

> The object of Section 66-5-301(A) is to compensate those persons injured through no fault of their own. We have stated that the intent of the Legislature was to put an injured insured motorist in the same position with regard to damages that he would have been in had the tortfeasor possessed liability insurance.
>
> The narrow interpretation of the statute advanced by the defendant would conflict with another statutory provision, NMSA 1978, Section 66-5-215(A)(3) (Repl.Pamp. 1984) which requires that liability policies have a minimum coverage of $10,000 for property damage.  The type of property to be covered is not restricted.

. . .In order to effectuate the Legislature's intent, a fair reading of Section 66-5-301 and Section 66-5-215 requires that damage to plaintiff's structure be covered by the uninsured motorist provision. We have recently indicated that interpretation of the statutory language must be "in accord with the broad objective of the uninsured/underinsured motorist statute." We therefore construe the word "property" as that term is used in Section 66-5-301 and Section 66-5-215 to include coverage of plaintiff's house.

Richards, 716 P.2d at 240-241.

Defendants can identify no case, statute, nor reason why this bedrock principle of New Mexico Supreme law should be invalidated. This basis for denial of coverage by Farmers is invalid. Farmers' own coverage counsel acknowledges this basis for denial is invalid, despite authoring the denial letter offering this basis for denial of coverage. (See Ex. K3)

Farmers next denies coverage on the basis that the losses to the Plaintiffs' property did not arise out of the use of a motor vehicle. Farmers argues that an act of independent significance broke the causal nexus between the theft of Plaintiffs' property and use of the tortfeasors' vehicle to remove the same. Farmers identifies no legal authority in support of its contention. Moreover, the undisputed facts demonstrate the unknown tortfeasors utilized motor vehicles to cause the complete loss of the property to the Plaintiffs. The property in question could not have been removed, and the theft could not have been completed, without the use of a motor vehicle.

The U.S. Tenth Circuit Court of Appeals has previously considered the application of uninsured motorist coverage, and what constitutes use of a motor vehicle, in the context of a drive-by shooting event. State Farm Mut. Auto. Ins. Co. v. Blystra, 86 F.3d 1007 (1996). In that matter Mr. Blystra, a pedestrian, was fired upon by a passing vehicle. In addressing the question of whether or not Mr. Blystra's injuries arose out of the "ownership, maintenance, or use of the uninsured motor vehicle," the

court considered the causal nexus between the use of the uninsured vehicle and the resulting harm.  The Blystra court indicated:

> At the time of the shooting the assailant was utilizing the truck as transportation, i.e. using the truck as a means 'to convey himself from one place to another' which demonstrates sufficient causal nexus between the use of the truck and damages sustained by Mr. Blystra.

Id. at 1011.  The Blystra court also described use of an automobile to include use of a vehicle to approach a victim, using a vehicle to help hide the assailant's identity, and use of the vehicle to leave the scene quickly and avoid apprehension. Id. at 1012.

Here, as in Blystra, the uninsured tortfeasors utilized the vehicle to convey themselves from one place to another at the time of the tortious misconduct.  They used the vehicle to leave the scene, and avoid apprehension.  The tortfeasors utilized the motor vehicle to complete the theft, resulting in the complete loss of property to the Plaintiffs (they used the vehicle to convey plaintiffs' property).  Here, as in Blystra, it is clear that the damages to Plaintiffs arose out of the use of an uninsured motor vehicle.  No independent intervening act broke the causal connection between the use of the vehicle and the theft.  This basis for denial of coverage by Farmers is therefore invalid.

Farmers next argues that the triggering terms for uninsured motorist property damage coverage which would apply to these losses would be the definition of an uninsured motor vehicle described as a hit and run vehicle. (See Ex.s B1-B4, E1-E4, I1-I4). Farmers alleges its policy requires that a hit and run vehicle must strike the insured or a family member, or a vehicle in which an insured or family member occupy or the insured's insured vehicle. (See Ex.s B1-B4, E1-E4, I1-I4).  Farmers acknowledges that this requirement of the policy is unenforceable pursuant to New Mexico law.  Indeed, a court in this district invalidated the provision of Farmers' policy requiring physical contact in Montoya v. Dairyland Insurance Co., 394 F.Supp. 1337 (D.N.M. 1975).  There,

the court ruled that provisions in an uninsured motorist policy requiring physical contact between the uninsured motorist vehicle and the claimant's vehicle was an exclusion not contained in the Uninsured Motorist Act and therefore not permitted by that statute. The court in Montoya reiterated that the only limitations on protection are those specifically set out in the statute itself, that the insured be legally entitled to recover damages, and that the negligent driver be uninsured. As stated by the Montoya court:

> [I]t is apparent that the New Mexico Supreme Court would determine the 'physical contact' requirement is, because of the remedial purpose of the statute and because the New Mexico State Legislature did not intend to allow the creation of a gap in coverage, in derogation of Section 64-24-105, NMSA, 1953 Comp., and therefore, invalid. Montoya v. Dairyland Insurance Co., 394 F.Supp. 1337 (D.N.M. 1975).

The holding of the Montoya court was adopted in Richards which, as discussed above, acknowledge the Legislature's intent that Section 66-5-301 and Section 66-5-215 be read in a court with a broad objective of the uninsured/underinsured motorist statute, which is to put an injured insured motorist in the same position with regard to damages that he would have been in had the tortfeasor possessed liability insurance.

The no contact provision of the policy was more recently rejected by the New Mexico Court of Appeals in Demir v. Farmers Texas County Mut. Ins. Co., 140 P.3d 1111 (N.M.App. 2006). There the New Mexico Court of Appeals considered a mandatory contact provision, similar to the basis for the denial by Farmers in the instant case, related to an uninsured motorist policy issued in Texas, arising from an accident which occurred in New Mexico. The Court of Appeals recognized that if it were to apply Texas law regarding the interpretation of the contract, the restriction to the uninsured motorist provision requiring physical contact between vehicles would be

valid.  Despite that such restriction would be valid in Texas, the New Mexico Court of

Appeals held:

> We agree with the plaintiff that the exclusion of uninsured motorist
> coverage for accidents not involving physical contact with the uninsured
> vehicle violates New Mexico's public policy and cannot be enforced in
> courts of this state.  Plaintiff seeks compensatory damages, which are
> designed to 'protect innocent accident victims consistent with the
> fundamental public policy purpose' of our uninsured motorist statute. . . .
> Plaintiff has purchased uninsured motorist coverage.  We will not apply
> exclusions to his coverage that are prohibited by our statutes and by our
> public policy.

Id. at 1116.

Farmers' denial of coverage based on a policy requirement for physical contact or

near physical contact is void as a matter of law, and is against public policy.  Farmers'

contention that no contact occurred between the property lost and the vehicle of the

uninsured tortfeasors is without support in the evidence, and is a restriction that

violates New Mexico law. Accordingly, Farmers' denial of coverage on this basis is

unfounded and cannot be upheld.

In asserting various reasons for denial of coverage, Farmers asserts that the

Plaintiffs attempt to extend UM coverage to thefts involving phantom vehicles violates

the legislative intent of uninsured motorist coverage. (See Ex.s B1-B4, E1-E4, I1-I4).  It

asserts that uninsured motorist coverage must be equal in scope to motor vehicle

liability insurance, if the tortfeasor had such coverage.  As Farmers sees it, liability

insurers would deny coverage for losses such as those sustained by Plaintiffs, "on

numerous policy provisions, the most obvious of which is the intentional acts

exclusion." (See  Ex.s  B1-B4,  E1-E4,  I1-I4).    In  making  this  argument,  Farmers

acknowledges the intentional nature of the misconduct by the tortfeasors.

Farmers' denial of uninsured motorist coverage based on the intentional nature

of  the  tortfeasors'  conduct,  with  respect  to  coverage  under  uninsured  motorist

coverage, has been soundly rejected by New Mexico courts.  New Mexico law is clear that to determine whether an incident constitutes an accident for purposes of coverage, one must look to the event from the perspective of the insured. <u>Britt v</u>, 907 P.2d 994; <u>Blystra</u>, 86 F.3d 1007.   Both <u>Britt</u> and <u>Blystra</u> involve cases relating to intentional shootings by a tortfeasor from a moving vehicle.   The courts found that while the shooting may have been intentional from the perspective of the tortfeasor, the incidents were deemed accidents when viewed from the perspective of the insured.   For the purposes of determining whether or not uninsured motorist coverage applied, the courts determined than an event will be deemed an accident if it is neither expected nor intended by the insured.  It is evident that the Plaintiffs could neither have expected nor intended the thefts of their property, resulting in a complete loss thereof.  Farmers denial of coverage based upon the argument that the tortfeasors intended the property loss, is simply another denial of coverage which has been wholly rejected by New Mexico courts, and is invalid.

Finally, Farmers argues, without and sound legal basis, that Plaintiffs' position is "patently unreasonable." (See Ex.s B1-B4, E1-E4, I1-I4).   Farmers acknowledges, however, that a denial of coverage based on this argument is not appropriate. (See Ex. J3).   As has been discussed at length above, Plaintiffs' request for uninsured motorist coverage is supported by the New Mexico Uninsured Motorist Act, and by cases interpreting the same.  Farmers' reasons for denial of coverage have each been rejected by New Mexico courts as not permitted by the public policy embodied in the Uninsured Motorist Act.  Based on the law and facts set forth above, Plaintiffs request for coverage is legally and factually supported, and is inherently reasonable.  Farmers reasons for rejection of coverage have been sounded rejected by New Mexico courts and are inherently unreasonable and violate public policy.

## VI. CONCLUSION

Based upon the foregoing, Plaintiffs are entitled to coverage for their losses caused by uninsured/unidentified motorists who caused such losses through use of motor vehicles. Plaintiffs respectfully request that the Court enter an order declaring uninsured motorist property damage coverage applicable to the losses as presented by Plaintiffs for their property damage caused by uninsured motorists, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LAW OFFICES OF GEOFFREY R. ROMERO, ESQ**.

_____/s/_____
Geoffrey R. Romero, Esq.
*Co-counsel for Plaintiffs*
4801 All Saints Road NE
Albuquerque, NM  87120
(505) 247-3338

and


Matthew L. Garcia, Esq.
Bach & Garcia, LLC
*Co-counsel for Plaintiffs*
300 Central SW, Ste. 2000-East
Albuquerque, NM 87102
(505) 899-1030