UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HOWARD ARNOLD, for himself
and all others similarly situated,
JIMMY JARAMILLO, for himself
and all others similarly situated,
GARY WISE, for himself and
all others similarly situated,

    Plaintiffs,

v.                                                     NO. 09-CV-0330 JB/WDS

FARMERS INSURANCE COMPANY
OF ARIZONA, an Arizona corporation;
FARMERS GROUP, INC., a Nevada
corporation,

    Defendants.

## PLAINTIFFS' MOTION FOR RECONSIDERATON OF ORDER GRANTING SUMMARY JUDGMENT, FOR RELIEF FROM JUDGMENT, OR TO ALTER OR AMEND THE JUDGMENT, AND REQUEST FOR CERTIFICATION TO THE NEW MEXICO SUPREME COURT

**COME NOW** the Plaintiffs, by and through their attorneys of record, Geoffrey R. Romero and Matthew L. Garcia, and hereby move this Court for reconsideration of its Memorandum Opinion and Order, or that the Court grant relief from judgment, or alter or amend the judgment entered on November 12, 2010, and the corresponding Order of Dismissal with Prejudice entered on the same date. This request is made pursuant to F.R.C.P 59 and 60. For the grounds set forth below, Plaintiffs request that the Court withdraw its Memorandum Opinion and corresponding Order of Dismissal with Prejudice, and certify the questions presented for review to the Supreme Court of New Mexico.

BACKGROUND

On August 17, 2010 the parties presented for hearing on competing Motions for Summary Judgment before Honorable James Browning, Federal District Court of New Mexico. On said date the Court heard:

1. Plaintiffs' Motion for Summary Judgment declaring uninsured motorist property damage coverage is applicable to the Plaintiffs' losses, filed April 2, 2010;

2. Defendants' opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment, filed April 29, 2010 to the Court noted in its Memorandum Opinion and Order that the primary issues presented were;

   1) whether the phrase "injury to or destruction of property" in the Uninsured Motorist Act, NMSA 1978, § 66-5-301 ("UMA"), requires coverage for loss of use damages in property claims;

   2) whether, if the UMA requires coverage for loss of use damages, theft of property would constitute property damage; and

   3) whether, if the UMA requires coverage for loss of use claims, an insured can bring a loss of use claim without an accompanying claim for physical damage.

In granting Defendants' Motion for Summary Judgment, and denying Plaintiffs' Motion for Summary Judgment, the Court determined when using the plain language of the statute as primary indicator, that the phrase "injury to or destruction of property" in the UMA does not require coverage for loss of use, because the court found that the omission of loss of use language in the UMA indicates that the New Mexico Legislature intended the omission. In so

holding, the Court declined to disregard the statute's plain language, even though New Mexico courts liberally construe the UMA.

The Court's ruling, determining that the UMA does not mandate coverage for loss of use, is a significant departure from decades of New Mexico jurisprudence. This Court's ruling effectively announces that, in this specific context, the coverage afforded under the Uninsured Motorist Act is more restrictive than the coverage mandated by the Mandatory Financial Responsibility Act. The holding squarely conflicts with numerous New Mexico appellate decisions which hold that the purpose of the Uninsured Motorist Statute is to place an injured policy holder in the same position as the policy holder would have been in if the uninsured motorist had possessed liability insurance. See *State Farm Mut. Auto Ins. Co. v. Marquez*, 2001, 130 N.M. 591, 28 P.3d 1132, Cert denied, 130 N.M. 558, 28 P.3d 1099; *Phoenix Indem. Ins. Co. v. Pulis*, 2000-NMSC-023, 129 N.M. 395, 9 P.3d 1099; rehearing denied; *Schroth v. New Mexico Self-Insurers Fund*, 1992, 113 N.M. 708, 832 P.2d 399; *Gantt v. L & G Air Conditioning*, 1983, 101 N.M. 208, 680 P.2d 348, Cert. quashed, 101 N.M. 189, 679 P.2d 1287; and *Guess v. Gulf Ins. Co.,* 1981, 96 N.M. 27, 627 P.2d 869. The purpose of our Uninsured Motorist Statute is to place insured persons in the same position as if the uninsured motorist had liability coverage. *State Farm Mut. Auto. Ins. Co. v. Luebbers*, 138 N.M. 289, 119 P.3d 169, 2005-NMCA-112 (citation omitted). Citing to *Schmick v. State Farm Mut. Auto. Ins. Co.,* 103 N.M. 216, 219, 704 P.2d 1092, 1095 (1985). The Uninsured Motorist Statute is designed to protect individuals against the hazard of culpable, but uninsured, motorists and to place the insured in the same position as he or she would have been had the tortfeasor had liability insurance. *McMillan v. Allstate Indem. Co*., 135 N.M. 17, 84 P.3d 65 (2003), rehearing denied 2004. Citing to *Padilla v.*

*State Farm Mut. Auto. Ins. Co.*, 2002-NMCA-001, 131 N.M. 419, 38 P.3d 187, modified in part, 2003-NMSC-011, 133 N.M. 661, 68 P.3d 901.

In its Memorandum Opinion the Court has recognized the New Mexico Mandatory Financial Responsibility Act, NMSA § 66-5-201 to -239 includes language which requires that loss of use coverage, pursuant to that Act, is mandated in the issuance of liability coverage. See Court's Memorandum Opinion at p. 38. The Court goes on to conclude, however, that it should not interpret the Uninsured Motorist Act to require coverage for loss of use under the canon of liberal construction of the UMA, indicating that the UMA's plain language does not provide for loss of use coverage. The Court's Opinion, in this regard, is in direct conflict with the afore-cited authority, which mandates that the uninsured motorist coverage provided under the UMA should put the insured in the same position as though the tortfeasor had liability coverage. Based upon the MFRA, if the tortfeasor had liability coverage, the tortfeasor would necessarily have had coverage for loss of use. The Court's ruling creates an exclusion under the Uninsured Motorist Act under which "no one will recover under a loss of use claim." See Memorandum Opinion at p. 40. This ruling announces a significant departure from prior New Mexico jurisprudence regarding uninsured motorist law, holding for the first time that uninsured motorist coverage provides more restrictive, or less, coverage than the coverage provided by liability insurance mandated by the MFRA. In this scenario, insureds who sustained property loss, through no fault of their own, may be deprived of full recovery for damages related to property damage by exclusion of loss of use damages. Here the Court declined to find that the UMA would require coverage for loss of use damages even in the event of physical damage to property (a restrictive qualifier not found in the UMA), instead holding that an insurer can deny such benefit. In the instance where an insured has sustained property damage, this would enable

an insurer to avoid compensation to its insured for loss of use even if the repair time for the vehicle exceeded months. In essence the insured would have no right of recovery for these damages sustained as a result of negligence of an uninsured motorist. Conversely, an insured tortfeasor would be liable for these damages, and the liability carrier would likewise be liable, under the coverage mandated by the MFRA.

The Court's Opinion also signifies a departure from the recently announced cases regarding equalization of uninsured motorist policy limits which all indicate that an insurer is required to extend an offer of uninsured motorist coverage with limits equal to the limits of the insured's liability coverage. *Jordan v. Allstate*, No. 32,063, slip op. (N.M. Sup. Ct. Oct. 18, 2010), consolidated with *Romero v. Progressive Northwestern Ins. Co.*, No. 32,065, and *Lucero v. Progressive*, No. 32,203.

This Court's holding that UM coverage limits need not be offered in an amount and scope at least equal to the limits of liability coverage limits is inconsistent with the New Mexico Supreme Court's recognition of the mandate, set forth by the UMA, that an insurer must offer an insured UM coverage with limits equal to the limits of liability coverage.

Additionally, this Court's Opinion is inconsistent with the Opinion of the New Mexico Court of Appeals in *Montano v. Allstate Indem. Co.*, 2003-NMCA-066, 133 N.M. 696, 68 P.3d 396, *reversed on other grounds*, 2004-NMSC-020, 135 N.M. 681, 92 P.3d 1255. In the Court of Appeal's Opinion in *Montano v. Allstate* that Court primarily considered restrictions to uninsured motorist coverage stacking. In upholding a restriction to uninsured motorist stacking the Court of Appeals specifically recognized that uninsured motorist property damage coverage provides more coverage than that provided by the collision coverage under a policy. As stated by that Court

5

> We are not persuaded that the property damage premium is worthless when the insured also has collision coverage. The Legislature has required an insurer to provide uninsured motorist coverage 'in minimum limits . . . for injury to or destruction of property' in addition to 'for bodily injury or death.' NMSA 1978, § 66-5-301(A) (1983). Therefore, the Legislature does not consider uninsured motorist property damage coverage to be worthless or a duplication of collision coverage. Further, uninsured motorist property damage covers losses not covered by collision insurance, such as damage by an uninsured vehicle to any property owned by the insured, which would include damage to the insured's home.
>
> . . .
>
> In addition, the compensation for damage may be different. Under the policy's collision coverage, the insured's compensation is actual cash value, after a $500 deductible, and limited by 'what it would cost to repair or replace the property or part with other of like kind and quality.' Under uninsured motorist property damage coverage, after a $250 deductible the insured receives the 'damages that an insured person is legally entitled to recover from the owner or operator of an uninsured auto.' Uninsured motorist property damage therefore may also provide greater benefits and coverages, such as, for example, **loss of use benefits** and perhaps even recovery when damage is due to an intentional tort.(Bold and underline added)

*Montano* expressly recognizes that the legislature does not consider uninsured motorist property damage to be worthless or duplicative of collision coverage, and specifically states that uninsured motorist coverage covers loss of use, and damages due to an intentional tort. *Montano* represents the only statement of the New Mexico Court of Appeals' view regarding property damage coverages provided under the UMA, considering the Legislative intent, and the breadth of the coverage provided thereunder.[1] This Court's Opinion finding the UMA does not require loss of use coverage is squarely contrary to the expression by the Court of Appeals in *Montano*. In *Montano v. Allstate Indem. Co.*, 133 N.M. 696, 68 P.3d 396 the Court of Appeals also cited

---

[1] The Court of Appeals' Opinion in Montano was reversed by the Supreme Court only to the extent that the New Mexico Supreme Court invalidated the attempted limitation of uninsured motorist stacking by Allstate. The New Mexico Supreme Court did not address, criticize, or overrule the expression of the Court of Appeals that uninsured motorist property damage coverage includes coverage for loss of use, and that UM coverage provides more coverage than that provided by collision coverage.

the holding in *Richards v. Mountain States Mut. Cas. Co.*, 104 N.M. 47, 716 P.2d 238 (1986) approvingly. In *Richards* the Supreme Court recognized

> uninsured motorist coverage, as Defendant suggests, was not intended to replace homeowner or household insurance. But it was the intent that uninsured motorist insurance be equal in scope to motor vehicle liability insurance. Citing *Jacobson v. Implement Dealers Mutual Insurance Co.*, 196 Mont. 542, 640 P.2d 908 (1982). If the tortfeasor in this case had been covered by motor vehicle liability insurance, the property damage to the plaintiff's building would have been covered by virtue of the requirement of § 66-5-215. If the purpose and intent of the Uninsured Motorist Statute is to place the injured policyholder in the same position he would have been in if the tortfeasor had possessed liability insurance, then the damaged property should be covered.

As recognized by this Court, the MFRA provides coverage for loss of use. Had the uninsured tortfeasors in the instant case had liability insurance, coverage for loss of use would have been necessarily included, and recoverable by the Plaintiffs. This Court's finding to the contrary is in conflict with the substantial body of New Mexico appellate jurisprudence cited herein. See *State Farm Mut. Auto Ins. Co. v. Marquez*, 2001, 130 N.M. 591, 28 P.3d 1132, Cert denied, 130 N.M. 558, 28 P.3d 1099; *Phoenix Indem. Ins. Co. v. Pulis*, 2000-NMSC-023, 129 N.M. 395, 9 P.3d 639, rehearing denied; *Schroth v. New Mexico Self-Insurers Fund*, 1992, 113 N.M. 708, 832 P.2d 399; *Gantt v. L & G Air Conditioning*, 1983, 101 N.M. 208, 680 P.2d 348, Cert. quashed, 101 N.M. 189, 679 P.2d 1287; and *Guest v. Gulf Ins. Co.,* 1981, 96 N.M. 27, 627 P.2d 869. The purpose of our Uninsured Motorist Act is to place insured persons in the same position as if the uninsured motorist had liability coverage. *State Farm Mut. Auto. Ins. Co. v. Luebbers*, 138 N.M. 289, 119 P.3d 169, 2005-NMCA-112. Citing to *Schmick v. State Farm Mut. Auto. Ins. Co.,* 103 N.M. 216, 219, 704 P.2d 1092, 1095 (1985). The UMA is designed to protect individuals against the hazard of culpable, but uninsured, motorists and to place the insured in the same position as he or she would have been had the tortfeasor had liability insurance. *McMillan v. Allstate Indem. Co.*, 135 N.M. 17, 84 P.3d 65 (2003) rehearing denied

2004. Citing to <u>Padilla v. State Farm Mut. Auto. Ins. Co.</u>, 2002-NMCA-001, 131 N.M. 419, 38 P.3d 187, modified in part, 2003-NMSC-011, 133 N.M. 661, 68 P.3d 901.

In its Memorandum Opinion and Order this Court has seriously departed from the recognized standards for interpretation of the UMA. Here the Court proposes to read the coverage afforded by the UMA in a manner more restrictive than that afforded by the MFRA. Counsel for Plaintiffs is unable to locate any New Mexico precedent for interpretation of the UMA in a manner more restrictive than the MFRA. To the contrary the New Mexico appellate courts have plainly recognized the coverage afforded under the UMA is broader, and more expansive, than the coverage afforded under the MFRA. As stated by the New Mexico Court of Appeals in <u>State Farm v. Progressive</u>, 131 NM 304, 35 P.3d 309, 2001-NMCA-101.

> Even the stated aim of the MFRA, avoiding 'catastrophic financial hardship,' demonstrates a minimalist approach. See § 66-5-201.1. Contrary to the UMA, the aim of the MFRA is not to offer the opportunity to insure fully against a victim's loss by putting the victim in the same position as if the culpable motorist had adequate liability insurance. The MFRA only mitigates the financial hardship by not leaving the victim penniless. It is self-evident that 'financial hardship' occurs when compensatory damages, such as medical bills and lost wages, are left unsatisfied.
> . . .
>
> The difference between the two statutes is also reflected in certain language of the UMA relied upon by our Supreme Court in *Stinbrink* but not found in the MFRA. The UMA requires that an insurance policy contain UM coverage 'for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury.' See § 66-5-301(A). As interpreted by our Supreme Court, 'those damages that a victim of an uninsured tortfeasor might be legally entitled to recover undoubtedly include punitives.' *Stinbrink*, 111 N.M. at 180, 803 P.2d at 665. In a state like New Mexico, where a driver may contract for liability insurance to include punitive damages, the theory behind the UMA puts the victim in the same position as if the culpable motorist had actually purchased coverage for 'punitives.' *Baker v. Armstrong*, 106 N.M. 395, 398-99, 744 P.2d 170, 173-74 (1987). (Holding that New Mexico's public policy does not preclude insuring against punitive damages). However, the MFRA contains no such language requiring liability coverage to the extent the victim may be 'legally entitled to recover.'

In reviewing the differences between the UMA and the MFRA, the New Mexico Court of Appeals recognized that the MFRA represented a minimalist approach to the mandate of liability coverage. The UMA, however, requires expansive coverage, providing the insured with protection for those damages sustained by an uninsured motorist in a manner and amount as though the uninsured motorist had actually purchased liability coverage for such damages. It requires coverage for those damages an insured may be entitled to recover from a culpable uninsured motorist. In its Memorandum Opinion, this Court has recognized that the MFRA requires purchase of liability coverage to include loss of use coverage. Without question the New Mexico legislature intended the MFRA, a statute minimalist in its approach, to require a culpable motorist to insure his or her vehicle with liability coverage to include coverage for loss of use damages. Noting the difference between the purposes behind the MFRA and the UMA it is incongruous that this Court now rules that the coverage mandated by the UMA may be read in a more restrictive fashion than that coverage mandated by the minimalist approach demonstrated by the MFRA. While the Court has indicated the absence of "loss of use" language in the UMA demonstrates an intent by the legislature to preclude such damages from the Act, this ruling does not comport with the substantial body of law issued by the New Mexico appellate courts holding that the purpose of the UMA is to place the insured in the same position as though the tortfeasor had liability coverage. . See _State Farm Mut. Auto Ins. Co. v. Marquez_, 2001, 130 N.M. 591, 28 P.3d 1132, Cert denied, 130 N.M. 558, 28 P.3d 1099; _Phoenix Indem. Ins. Co. v. Pulis_, 2000-NMSC-023 129 N.M. 395, 9 P.3d 639, rehearing denied; _Schroth v. New Mexico Self-Insurers Fund_, 1992, 113 N.M. 708, 832 P.2d 399; _Gantt v. L & G Air Conditioning_, 1983, 101 N.M. 208, 680 P.2d 348, Cert. quashed, 101 N.M. 189, 679 P.2d 1287; and _Guess v. Gulf Ins. Co.,_ 1981, 96 N.M. 27, 627 P.2d 869. The purpose of our Uninsured Motorist Statute is to place

9

insured persons in the same position as if the uninsured motorist had liability coverage. *State Farm Mut. Auto. Ins. Co. v. Luebbers*, 138 N.M. 289, 119 P.3d 169, 2005-NMCA-112. Citing to *Schmick v. State Farm Mut. Auto. Ins. Co.,* 103 N.M. 216, 219, 704 P.2d 1092, 1095 (1985). The Uninsured Motorist Statute is designed to protect individuals against the hazard of culpable, but uninsured, motorists and to place the insured in the same position as he or she would have been had the tortfeasor had liability insurance. *McMillan v. Allstate Indem. Co*., 135 N.M. 17, 84 P.3d 65 (2003) rehearing denied 2004. Citing to *Padilla v. State Farm Mut. Auto. Ins. Co.*, 2002-NMCA-001, 131 N.M. 419, 38 P.3d 187, modified in part, 2003-NMSC-011, 133 N.M. 661, 68 P.3d 901.

The Court's ruling also does not comport with New Mexico appellate decisions which indicate the only restrictions to the coverage provided under the UMA are those specifically included in the statute. [T]he only limitations on protection are those specifically set out in the statute itself: that the insured be legally entitled to recover damages and that the negligent driver be uninsured." *Schmick v. State Farm Mut. Auto. Ins. Co.,* 103 N.M. 216, 219, 704 P.2d 1092, 1095 (1985). See also *State Farm Mutual Auto. Ins. Co. v. Luebbers*, 138 N.M. 289, 295, 119 P.3d 169, 175 (Ct. App. 2005). "[A]ny provision allowing for an exception to uninsured coverage is strictly construed to protect the insured." *Phoenix Indem. Ins. Co. v. Pulis,* 2000-NMSC-023, ¶ 7, 129 N.M. 395, 9 P.3d 639; *Romero v. Dairyland Ins. Co.,* 111 N.M. 154, 156, 803 P.2d 243, 245 (1990).

The New Mexico Supreme Court previously considered the impact of the legislature's failure to include specific damages in the UMA, and whether or not this necessarily demonstrated a legislative intent that such damages be precluded. In *Stinbrink v. Farmers Insurance Company of Arizona*, the New Mexico Supreme Court considered whether or not the

UMA mandated that a UM insurance carrier provide coverage for punitive damages against uninsured motorists. In its opinion the New Mexico Supreme Court recognized that punitive damages are not specified in the UMA. In questioning whether or not the legislature intended that punitive damages be included in the term "legally entitled to recover," the Court ruled;

> The only condition to protection under the provision is that 'the injured person must be legally entitled to recover damages from the uninsured motorist.' *Stewart v. State Farm Mutual Automobile Insurance Co.,* 104 N.M. 744, 746, 726 P.2d 1374, 1376 (1986).

The court in *Stinbrink*, citing to *Stewart*, concluded that under the New Mexico Statute, uninsured motorist coverage includes coverage for punitive damages. The court in *Stinbrink* further stated, "We have thus determined that punitive damages are as much a part of the potential award under the Uninsured Motorist Statute as damages for bodily injury, and therefore they cannot be contracted away."

Very significant in relation to this Court's Opinion is Justice Montgomery's dissent in *Stinbrink*. In his dissent Justice Montgomery made particular note of the fact that under the MFRA an insurer providing liability coverage could specifically exclude coverage for punitive damages. Despite the fact that punitive damages were not a mandatory part of liability coverage, and could be excluded by an insurer, the majority in *Stinbrink* held that punitive damages could not be excluded from the Uninsured Motorist Act. This even despite the fact that punitive damages were not specifically addressed by the language of the UMA. The New Mexico Supreme Court did not conflate the ability of an insurer providing liability coverage to limit the same, with the legal liability of the tortfeasor. As noted, the UMA is intended to provide coverage to the insured for those damages he would be entitled to recover against a culpable uninsured motorist.

In stark contrast this Court's ruling holds, for the first time, that the UMA may exclude coverage which is mandated by the MFRA, coverage for loss of use damages.

In the instant case the Court has found that the omission of the phrase "loss of use damages" demonstrates legislative intent to exclude such coverage from the UMA. The Court's ruling is directly opposite the ruling of the New Mexico Supreme Court in *Stinbrink*, 111 N.M. 180, 803 P.2d 665. There the court determined that the insured was entitled to recover damages under the uninsured motorist coverage of his policy, as though the tortfeasor had adequate liability coverage. It is evident the UMA does not include punitive damages in its description of the coverage provided by said Act. § 66-5-301(A). Based upon *Stinbrink* and appellate cases interpreting the same, the UMA of New Mexico does not limit recovery under the uninsured motorist coverage of a policy to those damages specifically enumerated by the statute. Instead, the Act is interpreted liberally in order to provide coverage for recovery of damages sustained as a result of the actions of an uninsured motorist. . See *State Farm Mut. Auto Ins. Co. v. Marquez*, 2001, 130 N.M. 591, 28 P.3d 1132, Cert denied, 130 N.M. 558, 28 P.3d 1099; *Phoenix Indem. Ins. Co. v. Pulis*, 2000-NMSC-023, 129 N.M. 395, 9 P.3d 639, rehearing denied; *Schroth v. New Mexico Self-Insurer's Fund*, 1992, 113 N.M. 708, 832 P.2d 399; *Gantt v. L & G Air Conditioning*, 1983, 101 N.M. 208, 680 P.2d 348, Cert. quashed, 101 N.M. 189, 679 P.2d 1287; and *Guest v. Gulf Ins. Co.,* 1981, 96 N.M. 27, 627 P.2d 869. The purpose of our Uninsured Motorist Statute is to place insured persons in the same position as if the uninsured motorist had liability coverage. *State Farm Mut. Auto. Ins. Co. v. Luebbers*, 138 N.M. 289, 119 P.3d 169, 2005-NMCA-112. Citing to *Schmick v. State Farm Mut. Auto. Ins. Co.,* 103 N.M. 216, 219, 704 P.2d 1092, 1095 (1985). The Uninsured Motorist Statute is designed to protect individuals against the hazard of culpable, but uninsured, motorists and to place the insured in the same

position as he or she would have been had the tortfeasor had liability insurance. *McMillan v. Allstate Indem. Co.*, 135 N.M. 17, 84 P.3d 65 (2003) rehearing denied 2004. Citing to *Padilla v. State Farm Mut. Auto. Ins. Co.*, 2002-NMCA-001, 131 N.M. 419, 38 P.3d 187, modified in part, 2003-NMSC-011, 133 N.M. 661, 68 P.3d 901.

Rather than reading the statute strictly to limit coverage, New Mexico appellate decisions have interpreted the public policy of New Mexico in such a fashion that, in order to effectuate the public policy of New Mexico to expand insurance coverage and protect individual members of the public against the hazards of culpable uninsured motorist, the Act is read strictly to invalidate any exclusions or restrictions to coverage not specifically set forth in the statute. *Schmick v. State Farm Mut. Auto. Ins. Co.,* 103 N.M. 216, 219, 704 P.2d 1092, 1095 (1985). See also *State Farm Mutual Auto. Ins. Co. v. Luebbers*, 138 N.M. 289, 295, 119 P.3d 169, 175 (Ct. App. 2005). "[A]ny provision allowing for an exception to uninsured coverage is strictly construed to protect the insured." *Phoenix Indem. Ins. Co. v. Pulis,* 2000-NMSC-023, ¶ 7, 129 N.M. 395, 9 P.3d 639; *Romero v. Dairyland Ins. Co.,* 111 N.M. 154, 156, 803 P.2d 243, 245 (1990).

The Court's ruling restricts uninsured motorist coverage by deciding the UMA does not include coverage for loss of use damages, a measure of damages specifically contained within the MFRA. In so holding this Court decides that an insured who sustains loss of use damages as a result of the actions of an uninsured tortfeasor has less right of recovery against his or her own policy than his legal entitlement to recovery against an insured tortfeasor. In so holding the Court disregards the fact that a claimant so damaged would have the legal right to recover loss of use damages against a culpable tortfeasor. By this ruling this Court has allowed restriction to uninsured motorist coverage not contained in the UMA.

Similarly, this Court indicates, but does not hold, that if loss of use damages were required to be covered under the UMA, a separate restriction to such coverage could be read into the Act, that being that loss of use damages are recoverable only when accompanied by physical damage to property. See Court's Memorandum Opinion at p. 35. In so holding the Court rejects the Supreme Court's definition of "injury" as something done against the right of a party, producing damage. See <u>Clark v. Cassetty</u>, 71 N.M. 89, 376 P.2 37 (1962), overruled on other grounds by <u>Stephens v. Dulaney</u>, 78 N.M. 53, 428 P.2 27 (1967). See also the Court's Memorandum Opinion at p. 47. The Court also rejects a body of case law from other jurisdictions which holds that loss of property, or theft of property, constitutes property damage. See <u>Hofing GMC Truck, Inc. v. Kay Wheel Sales Co., Inc.</u>, 543 F.Supp. at 416-17. Instead, contrary to New Mexico appellate decisions, the Court suggests that if the UMA were read to include loss of use damages, it should be read to include restrictive language not specifically set forth therein, proposing that the UMA should be read as providing loss of use damages in the event of "injury, with accompanying physical damage to, or destruction of property." See Memorandum Opinion at p. 35 and p. 50. This Court's proposal that restrictive language be read into the UMA is contrary to the afore-cited cases holding that the only limitations to uninsured motorist coverage are those which are specifically set forth in the statute.

The Court has identified its concern regarding Plaintiffs' position in this case. "Using <u>Clark v. Cassetty</u>'s broad definition of damage to a right could make the uninsured motorist coverage almost unlimited." See Memorandum Opinion at p. 48. There is, however, an explicit limitation to coverage for the damages as sought by Plaintiffs. The limitation is that any such damages claimed must be caused by an uninsured motorist using an uninsured motor vehicle. Plaintiffs' claim for coverage is not an unlimited request, seeking coverage for all property in

14

every circumstance and situation. Instead, Plaintiffs' request for coverage is simply a request that coverage be afforded under the uninsured motorist coverage of their policies, in an amount commensurate with recovery of damages which they would be entitled to recover from culpable uninsured motorists.

It is important to note that the Court's Opinion allows Farmers to wholly exclude loss of use damages from uninsured motorist property damage coverage, even in the event of accompanying physical damage. Farmers own policy precludes loss of use damages from the uninsured motorist property damage coverage. Although Farmers argues that in certain circumstances it will pay loss of use damages from the uninsured motorist property damage coverage, this Court's ruling allows Farmers to discontinue this practice. As noted, this Court's ruling allows Farmers to limit its uninsured motorist property damage coverage in a more narrow fashion than the property damage coverage mandated by the MFRA.

**REQUEST FOR CERTIFICATION TO THE NEW MEXICO SUPREME COURT**

Should the Court grant Plaintiffs' request for relief, Plaintiffs then request that the Court Certify the questions presented for review by the New Mexico Supreme Court. Because the Memorandum Opinion and Order entered by the Court in this matter represent a significant departure from prior New Mexico appellate decisions regarding the scope of uninsured motorist coverage mandated by the Uninsured Motorist Act, review by the New Mexico Supreme Court pursuant to Rule 12-607 NMRA is appropriate, if the Court grants Plaintiffs' relief requested herein. In its Memorandum Opinion the Court has recognized that it is not aware of any New Mexico cases that discuss whether the theft of property or the loss of property constitutes property damage. See Memorandum Opinion at p. 32. The Court has further recognized that it is unable to find a case from a New Mexico state court that discusses whether loss-of-use

damages are awardable in the absence of physical damage to property. See Memorandum Opinion at p. 34. The Court has further recognized that there is no certainty as to what the Supreme Court of New Mexico would do if confronted with the issue of whether loss of use damages are available absent physical damage to the property. See Memorandum Opinion at p. 46. Absent specific New Mexico authority this Court predicts the Supreme Court of New Mexico would hold that theft of property does not constitute property damage or injury to property as contemplated under the UMA. See Memorandum Opinion at p. 46. This matter is appropriate for certification to the New Mexico Supreme Court because of the acknowledged absence of specific New Mexico authority on point. Additionally, the fact that this Court's Opinion represents a significant departure from prior appellate decisions, for the first time rendering the scope of uninsured motorist coverage obtained pursuant to the UMA more restrictive than liability coverage obtained pursuant to the MFRA, certification of this question to the New Mexico Supreme Court is appropriate.

Plaintiffs acknowledge that the Request For Certification is appropriate only in the event that the Court grants the relief sought by Plaintiffs for reconsideration of its Memorandum Opinion and Order, or that the Court grant relief from judgment, or alter or amend the judgment entered on November 12, 2010, and the corresponding Order of Dismissal with Prejudice entered on the same date. *Hartford v. Cline*, 367 F.Supp2d. 1342 (2005)

**WHEREFORE,** Plaintiffs respectfully request the Court grant their Motion for reconsideration of its Memorandum Opinion and Order, or that the Court grant relief from judgment, or alter or amend the judgment entered on November 12, 2010, and the corresponding Order of Dismissal with Prejudice entered on the same date, and further that this Court certify these issues to the New Mexico Supreme Court pursuant to NMRA 12-607.

Respectfully submitted,

**LAW OFFICES OF GEOFFREY R. ROMERO, ESQ**.

_____*/s/*_____
Geoffrey R. Romero, Esq.
Co-counsel for Plaintiffs
4801 All Saints Road NE
Albuquerque, NM 87120
(505) 247-3338

and

_____*/s/*_____
Matthew L. Garcia, Esq.
Co-counsel for Plaintiffs
Bach & Garcia LLC
300 Central SW
Suite 2000 East
Albuquerque, NM 87102
(505) 899-1030

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing pleading electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Respectfully submitted,

_____*/s/*_____
Geoffrey R. Romero, Esq.
Co-counsel for Plaintiffs
4801 All Saints Road NE
Albuquerque, NM 87120
(505) 247-3338